UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRILL'S BIG BRAIN LLC,<br><br>       Plaintiff,<br><br> -against-<br><br>GOODER LABS LLC D/B/A GOODER DEALS, and KENNETH R. TALBERT<br><br>       Defendants. | Case No. 22-cv-05367<br><br>**COMPLAINT** |

Plaintiff Kirill's Big Brain LLC (hereinafter "KBB"), in support of this Complaint against Defendants Gooder Labs LLC, d/b/a "Gooder Deals" (hereinafter "Gooder Deals") and Kenneth R. Talbert, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement under New York state common law for Defendants' unauthorized use of Plaintiff's trademark ASSHOLES LIVE FOREVER without Plaintiff's permission.

## THE PARTIES

2. Plaintiff KBB is a limited liability company organized under the law of the State of New York.

3. On information and belief, Defendant Gooder Deals is a limited liability company organized under the law of the State of Tennessee.

4. On information and belief, Defendant Talbert is a resident of the State of Tennessee. Mr. Talbert is the owner of Gooder Deals, who has full knowledge of KBB's rights in the trademark ASSHOLES LIVE FOREVER and was personally involved in making the decision to sell products that infringed KBB's trademark ASSHOLES LIVE FOREVER.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. There is complete diversity of citizenship between Plaintiff and Defendants.

7. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendants because Defendants have substantial, systematic and continuous contact with New York state by virtue of their maintenance of websites on the Amazon web marketplace and Walmart online store, where consumers who reside in New York state may directly place purchase orders for Gooder Deals' products to be shipped to New York state, and by making a regular flow of sale of products to consumers in New York state.

9. This Court also has personal jurisdiction over Defendants because Defendants purposefully directed their business activities to New York state by their special targeting of New York consumers through online sales of products with marks bearing special significance to New York consumers (*e.g.* products with "NEW YORK CITY" marks) on the Amazon web marketplace and Walmart online store, where consumers in New York market can directly purchase those products to be shipped to New York state. A true and correct image of a Gooder Deals product bearing the mark "NEW YORK CITY," which is commercially available for New York consumers to purchase on the Amazon web marketplace, is attached hereto as Exhibit 1. A true and correct image of a Gooder Deals product bearing the mark "NEW YORK CITY," which is commercially available for New York consumers to purchase on the Walmart online store, is attached hereto as Exhibit 2.

**FACTUAL ALLEGATIONS**

10.     KBB is a company formed in 2017 that engages in selling women's and men's apparel (*e.g.* hooded sweaters, shirts, socks), accessories (*e.g.* hats, bags), and flags.

11.     KBB sells its products only through its own affiliated websites.

12.     One of the most popular marks KBB created is called "ASSHOLES LIVE FOREVER." KBB created this mark in or about August of 2017.

13.     Since then, KBB designed a collection of hooded sweatshirts, t-shirts, accessories and other products that feature its ASSHOLES LIVE FOREVER mark. A true and correct image of a hooded sweatshirt designed by KBB featuring its ASSHOLES LIVE FOREVER mark, which is commercially available on its official website, is attached hereto as Exhibit 3.

14.     KBB devoted substantial time, effort, and resources to the design, development and promotion of its ASSHOLES LIVE FOREVER mark, along with the collection of products that feature this mark.

15.     Due to the comic and humorous nature of its ASSHOLES LIVE FOREVER mark, all of KBB's apparel, accessories and flags that feature this mark have become extremely popular among the consuming public, especially among youth.

16.     To date, the Instagram account that KBB created specifically for its ASSHOLES LIVE FOREVER mark has over 261,000 followers.

17.     To date, KBB has sold over one million products that feature its ASSHOLES LIVE FOREVER mark.

18.     As a result of KBB's successful marketing campaign and the popularity of the collection of products that feature its ASSHOLES LIVE FOREVER mark, the general consuming public of New York state has come to recognize and rely upon the ASSHOLES LIVE

FOREVER mark as indicators of apparel, accessories and other products designed by and originated from KBB.

19. KBB has common law trademark rights in its ASSHOLES LIVE FOREVER mark.

20. On information and belief, Gooder Deals is a company specializes in t-shirt screen printing, banners, art prints, graphic design, and offset and digital printing.

21. On information and belief, Gooder Deals owns and operates an Amazon Storefront named "Gooder Deals" on the Amazon web marketplace.

22. On information and belief, the Amazon Storefront "Gooder Deals" sells apparel, accessories and other products on the Amazon web marketplace.

23. On information and belief, Defendant Talbert, the owner of Gooder Deals, is personally involved in Gooder Deals' Amazon Storefront business operations, including the sale of apparel on the Amazon web marketplace, the design of said apparel, and the decision of which apparel to sell on Gooder Deals' Amazon Storefront.

24. In or about May 2022, KBB discovered that Gooder Deals' Amazon Storefront displayed and offered for sale a collection of apparel, including hooded sweatshirts and hats featuring the ASSHOLES LIVE FOREVER mark (hereinafter "the Infringing Products"). A true and correct image of a hat and a hoodie featuring the ASSHOLES LIVE FOREVER mark, commercially available on Gooder Deals' Amazon Storefront, is attached hereto as Exhibit 4.

25. The Infringing Products displayed and offered for sale at Gooder Deals' Amazon Storefront were confusingly similar to KBB's products featuring the ASSHOLES LIVE FOREVER mark. A true and correct image of a hat featuring the ASSHOLES LIVE FOREVER mark, commercially available on KBB's official website, is attached hereto as Exhibit 5.

26. KBB never assigned or conveyed any ownership rights in its ASSHOLES LIVE FOREVER mark to Gooder Deals.

27. KBB never granted Gooder Deals a license to use its ASSHOLES LIVE FOREVER mark.

28. Gooder Deals' unauthorized use of KBB's ASSHOLES LIVE FOREVER mark to display and sell the Infringing Products has the potential to cause confusion to consumers in New York state. In the public mind, the Infringing Products on Gooder Deals' Amazon Storefront may originate from, or are associated with or endorsed by KBB, when in fact they are not.

29. Gooder Deals' conduct infringes on KBB's common law trademark rights in KBB's ASSHOLES LIVE FOREVER mark.

30. Upon learning Gooder Deals' infringing conduct, KBB immediately reported Gooder Deals to Amazon by sending Amazon a Notice of Infringement under the Digital Millennium Copyright Act ("DMCA"), along with a takedown request, asking Amazon to temporarily remove the Infringing Products' Amazon web pages.

31. KBB's Notice of Infringement and takedown request to Amazon resulted in Amazon taking down Gooder Deals' Infringing Products' pages temporarily.

32. But shortly afterwards, Gooder Deals submitted a Counter-Notification under the DMCA to Amazon, requesting Amazon to reinstate its Infringing Products' Amazon web pages.

33. In Gooder Deals' Counter-Notification, Gooder Deals' owner Kenneth Talbert was listed as the sole contact person for Gooder Deals.

34. In addition to reporting Gooder Deals to Amazon, KBB also sent Gooder Deals a Cease and Desist letter on June 8, 2022.

35. However, to date, Gooder Deals has not responded to KBB.

## COUNT I – COMMON LAW TRADEMARK INFRINGEMENT

36. All preceding paragraphs are incorporated herein by reference as if fully set forth herein.

37. KBB first created its ASSHOLES LIVE FOREVER mark in or about July of 2018 and was the first user of this mark.

38. Since the mark's creation, KBB devoted substantial time, effort, and resources into the design, development and promotion of its ASSHOLES LIVE FOREVER mark, along with the collection of products that feature this mark.

39. All of KBB's apparel, accessories and flags that feature its ASSHOLES LIVE FOREVER mark have become extremely popular among the consuming public in New York state.

40. As a result of KBB's marketing efforts and popularity of KBB's products that feature its ASSHOLES LIVE FOREVER mark, the general consuming public of New York state recognizes and relies upon the ASSHOLES LIVE FOREVER mark as an indicator of apparel, accessories, and other products designed by and originated from KBB.

41. KBB has common law trademark rights in its ASSHOLES LIVE FOREVER mark.

42. KBB's ASSHOLES LIVE FOREVER mark is valid and legally protectable.

43. Gooder Deals' unauthorized use of KBB's ASSHOLES LIVE FOREVER mark to display and sell the Infringing Products that look substantially similar to KBB's products would cause confusion to consumers in New York state, because in the public mind, the Infringing Products may originate from, or are associated with or endorsed by KBB, when in fact they are not.

44. On information and belief, Defendant Talbert personally made the decision to sell the Infringing Products.

45. On information and belief, Defendant Talbert had full knowledge that KBB believes that the Infringing Products infringe KBB's ASSHOLES LIVE FOREVER mark when he made representations to Amazon aimed to continue selling the Infringing Products.

46. As a direct and proximate result of these acts of trademark infringement, Gooder Deals derived and received gains, profits, and advantages in an amount that is not presently known to KBB.

47. In addition, the acts of infringement also damage KBB's brand and the value associated with its ASSHOLES LIVE FOREVER mark

## PRAYER FOR RELIEF

WHEREFORE, KBB prays for judgment against Gooder Deals and Kenneth R. Talbert as follows:

A. Enter Judgment that Defendants infringed the ASSHOLES LIVE FOREVER mark under New York state common law.

B. Award KBB damages, for Defendants' infringement on the ASSHOLES LIVE FOREVER mark, in an amount to be proven at trial, and presently estimated to exceed $75,000.

C. Issue a permanent injunction enjoining Defendants, as well as Gooder Deals' directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates, and all persons acting in privity, concert, or participation with any of the above from continued infringement of KBB's ASSHOLES LIVE FOREVER mark.

    D.    Grant KBB such other and further relief as this Court deems just and proper.

Dated: June 24, 2022

*Respectfully submitted*,

By: /s/ Malcolm Seymour
    Malcolm Seymour, Esq. (MS-3107)
    Yeli Zhou, Esq. (5661582)
    Email: malcolm.seymour@foster.com
    Email: yeli.zhou@foster.com
    Foster Garvey, PC
    100 Wall Street, 20th Floor
    New York, NY 10005
    Telephone: (212) 431-8700

    *Counsel for Plaintiff Kirill's Big Brain LLC*